in New York city; to recover money deposited as security under the leases; to recover rent paid by the plaintiff for the demised premises and money expended by him thereon in an effort to remove certain violations, and for subrogation. The gravamen of the complaint was that the plaintiff had been induced by fraudulent misrepresentations, by innocent misrepresentations, and by mutual mistake to enter as lessee into five leases of that part of the premises 126 East Fourteenth street and 127 East Thirteenth street, Manhattan, known as the Dewey Theatre. The court decreed cancellation of the leases, a return of the security deposited, with interest, subrogation and other incidental equitable relief, but denied a reimbursement for rent paid and moneys expended.

*Abraham Benedict* and *Gustavus A. Rogers* for appellant. *Joseph Rosenzweig* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.  Not voting: HISCOCK, Ch. J.  Not sitting: LEHMAN, J.

---

JUDSON L. BUTTERFIELD, as Administrator of the Estate of ARTHUR O. BUTTERFIELD, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

*State — negligence — military service — State not liable for drowning of soldier while he was guarding unlighted lock of Barge canal.*

Butterfield v. State of New York, 205 App. Div. 168, affirmed.

(Argued June 6, 1924; decided July 5, 1924.)

APPEAL from a judgment, entered May 22, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment of the Court of Claims in favor of plaintiff and directing a dismissal of said claim. Claimant's intestate, a private in the New York State Guard, was drowned while in the performance of his military duties, guarding lock No. 7 of the Barge canal at Fort Edward. It was the theory of the claimant that he accidentally slipped or fell into the lock. No complaint was made that the lock

was faulty in its construction. The sole complaint was that there was negligence in not lighting the locks so that Butterfield might patrol in safety; that the darkness thereby occasioned resulted in his precipitation into the lock.

*Benjamin P. Wheat* for appellant.

*Carl Sherman, Attorney-General* (*W. J. Wetherbee* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANCIS MARION, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued June 6, 1924; decided July 5, 1924.)

APPEAL from a judgment of the Court of General Sessions of the Peace in the county of New York, rendered February 1, 1924, upon a verdict convicting the defendant of the crime of murder in the first degree.

*John Warren Hill* and *Michael N. Delage* for appellant.

*Joab H. Banton, District Attorney* (*Robert C. Taylor* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AMBROSE GEARY, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued June 6, 1924; decided July 5, 1924.)

APPEAL from a judgment of the Supreme Court, rendered January 10, 1924, at a Trial Term for the county of Erie, upon a verdict convicting the defendant of the crime of murder in the first degree.